CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 8 2011

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MARVIN LAWSON,

    Plaintiff,

v.

MR. HOPKINS, M.D., MR. R. KEEN,
SECURITY OFFICER,

    Defendants.

Case No. 7:10CV00573

MEMORANDUM OPINION

By: Glen E. Conrad
Chief United States District Judge

Plaintiff Marvin Lawson, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Lawson alleges that he was injured in a motor vehicle accident caused by Defendant Keen's recklessness and that Defendant Hopkins has since refused to provide adequate medical treatment. Upon review of the record, the court finds that the complaint must be dismissed.

## Background

Lawson's submissions allege the following sequence of events related to his claims. Lawson is an inmate at Keen Mountain Correctional Center (KMCC). On June 24, 2010, he was a passenger in a prison transport van, when the driver, Officer Keen, fell asleep behind the wheel and caused an accident in which Lawson suffered back and neck injuries. He was taken from the van and transported to a local hospital for evaluation and treatment of bruises and scrapes. The doctor there stated in his medical report that if Lawson continued to experience pain in his neck and shoulders, he should contact the medical authority at the prison.

After his return to KMCC, Lawson experienced sharp pains in his neck and back. He signed up for sick call numerous times, describing the accident and the pain he was having and asking to be examined by the institutional physician, Dr. Hopkins. He has never seen the doctor. On August 25, 2010, Lawson wrote to the Virginia Department of Corrections (VDOC) Health Services Director, stating that he had been examined by the nurse practitioner, who had issued medical orders concerning his conditions, but that he wanted to be examined by the institutional physician, whom he had not yet seen. In response, Director informed him that "institutional physician referrals are at the discretion of the institution doctor." Lawson believes that Dr. Hopkins should have examined him personally, should have issued him a pass for a bottom bunk, and should have referred him to a specialist.

The court filed the case conditionally, notified Lawson that he needed to particularize the allegations in his complaint as to what his diagnosed medical condition was, what requests he made for treatment of this condition, who responded and how, what treatment had been provided at the jail, and what personal knowledge Dr. Hopkins had about plaintiff's condition.[1] Lawson submitted amendments (DE 9, 10, & 11), adding the following allegations to his complaint: that he has seen the nurse several times; that for a month and a half, he has been taking three medications, which are not sufficiently alleviating his pain; he is having severe pain in his back and neck that shoots down his leg; he now cannot walk upstairs or bend over and believes he

---

[1] The court specifically advised Lawson that the facts offered in support of his claims needed to be stated in his complaint itself, not merely mentioned in the grievances attached to the complaint.

needs a walking cane or proper medication, and that he still has not seen Dr. Hopkins, despite making numerous requests to be evaluated by a doctor.[2]

## Discussion

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." An inmate's complaint may be summarily dismissed under this section if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937, 1940 (2009).

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). In determining whether the complaint states a claim, a court must view the factual allegations in the light most favorable to the plaintiff, but "need not accept as

---

[2] Lawson states that on January 16, 2011, he collapsed in the medical unit and is now housed in segregation/isolation where he has no access to his legal research. He states that in March, he will do more research and obtain medical records regarding the days when he was seen by the nurse. While the court could construe this submission (DE 10) as a motion for extension of time to amend the complaint, Lawson does not indicate that his current amendment is incomplete, and the court finds no respect in which additional legal research or medical records concerning the nurse's evaluation and treatment of Lawson's condition would alter the court's decision today that the complaint fails to state a claim.

true unwarranted inferences, unreasonable conclusions, or arguments." Giarrantano, 521 F.3d at 302 (omitting internal quotations).

## A. Defendant Keen

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). In order to state a claim of constitutional significance that prison officials failed to protect him from hazardous conditions, an inmate plaintiff must allege facts demonstrating that the officials acted with a sufficiently "culpable state of mind" with regard to the risk. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Specifically, he must show that the defendant officials acted with "deliberate indifference," which requires a showing that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he actually drew that inference, and that he responded unreasonably to the risk. Farmer v. Brennan, 511 U.S. 825, 832-27 (1994).

Lawson fails to allege facts meeting this standard. His allegations offer no indication that Officer Keen drove the van, knowing of any substantial risk that he would fall asleep or otherwise cause an accident. Therefore, Lawson's complaint as amended fails to allege facts on which he could prove that Keen was deliberately indifferent so as to be liable under § 1983. At the most, Lawson's allegations give rise to a claim that Keen was a negligent driver. Mere negligence by prison officials does not implicate an inmate's constitutional rights. See Daniels v. Williams, 474 U.S. 327, 332 (1986). As Lawson fails to meet the constitutional standard, his § 1983 claim against Keen will be dismissed, pursuant to § 1915A(b)(1).

To the extent that Lawson may have claims against Keen under state law, such claims are not independently actionable under § 1983. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)

(finding § 1983 intended to protect only federal rights guaranteed by federal law and not tort claims for which there are adequate remedies under state law). Moreover, the court declines to exercise supplemental jurisdiction over such claims, and will dismiss them without prejudice, pursuant to 28 U.S.C. § 1367(c).

## B. Defendant Hopkins

A prison official's deliberate indifference to an inmate's serious medical or mental health needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). However, a patient's disagreement with a doctor's judgment as to the proper course of treatment alleges nothing more than medical malpractice, which does not state a constitutional claim and as such, is not actionable under § 1983. Id. at 105-106.

Lawson fails to allege facts on which the court could find that Hopkins was deliberately indifferent to a serious medical need. First, Lawson's assertions that the evaluation and treatment provided to him were "inadequate" and that Hopkins "refused" to provide appropriate care are the type of unsupported inference or conclusion that the court need not accept as true, absent allegations of supporting facts. Giarrantano, 521 F.3d at 302. Although given a chance to do so, Lawson fails to state specific facts on which he could convince a fact finder that Hopkins had any specific information about Lawson's injuries or symptoms that would have put him on notice of a serious medical need for Lawson to see him or a specialist. Lawson himself states that he has never seen Hopkins personally, and he does not allege that Hopkins answered any of his sick call requests personally. Moreover, if Hopkins reviewed the sick call requests Lawson submitted, as arguably implied by the information from Health Services, Hopkins reasonably could have believed from these requests that the nurses and the nurse practitioner could handle

the situation and would determine from a direct examination whether Lawson's stated symptoms of back and neck pain required a doctor's attention.[3] Hence, Lawson does not allege facts demonstrating that Dr. Hopkins knew of a significant risk to which he responded unreasonably. Farmer, supra.

Second, Lawson's personal opinion that he should have been examined by the physician, referred to a specialist, and provided with a walking cane or a bottom bunk order is another unsupported inference that the court need not accept as fact. These conclusory allegations state, at most, a simple disagreement with the medical professionals' judgment that Lawson's condition did not necessitate more intensive evaluation and treatment than he received. The appropriateness of such medical judgments is not subject to inquiry by the court under § 1983, see Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975), and mere disagreements between medical professionals and the patient are not sufficient to state a constitutional claim. Wright, 766 F.2d at 849.

Even if Lawson could prove that the treatment decisions made by the defendant or other medical professionals who evaluated him were inadequate, malpractice or negligence in diagnosis does not state a federal claim. Estelle, 429 U.S. at 105-106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). Because Lawson fails to allege facts showing that any of the medical personnel involved in his case acted with deliberate indifference to a serious medical need for additional or different medical treatment, his § 1983 claims must be dismissed, pursuant to § 1915A(b)(1). To the extent that his allegations

---

[3] The grievances that Lawson submits with his complaint do not include his current allegations that he cannot walk upstairs or bend over.

might give rise to medical malpractice claims under state law, such claims are not independently actionable under § 1983, Wright, 766 F.2d at 849, and the court declines to exercise supplemental jurisdiction over them, pursuant to § 1367(c).

Conclusion

For the stated reasons, the court concludes that Lawson's § 1983 claims must be dismissed without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim, and that any related state law claims must also be dismissed without prejudice, pursuant to § 1367(c).[4] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 28th day of January, 2011.

_____
Chief United States District Judge

---

[4] Because the court finds that Lawson's allegations fail to state an actionable claim, the court cannot find that Lawson is entitled to court-appointed counsel to assist him in prosecuting this civil action. See Gordon v. Leeke, 574 F.2d 1147, 1173 (4th Cir. 1978) (finding that only under exceptional circumstances may court request counsel to represent indigent, civil plaintiff who has a colorable claim, but lacks capacity to present it); Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). Accordingly, the court will deny Lawson's motion for appointment of counsel (DE 5).